**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

MAURICE B.,

          *Plaintiff,*

v.

COMMISSIONER OF SOCIAL
SECURITY,

          *Defendant.*

                         /

Case No. 1:25-cv-12757

Patricia T. Morris
United States Magistrate Judge

**ORDER GRANTING PLAINTIFF'S COUNSEL'S
MOTION FOR ATTORNEY FEES (ECF No. 13)**

## I.    **Introduction**

This is a social security case.  The parties have consented to the Undersigned "conducting any or all proceedings in this case, including entry of a final judgment and all post-judgment matters."  (ECF No. 9).  On February 26, 2026, the Court entered a stipulation and order and a judgment, remanding this matter to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) for further administrative proceedings.  (ECF Nos. 11, 12).

On April 7, Plaintiff's counsel filed an unopposed motion for attorney fees under the Equal Access to Justice Act (EAJA).  (ECF No. 13).  For the reasons explained below, this motion will be **GRANTED**.  The Court will award attorney

1

fees in the amount of $7,750.00 and costs in the amount of $405.00.

## II.    **Legal Standard**

Under the EAJA, a prevailing plaintiff in a social security action may apply

for an award of attorney's fees and costs.  *See* 28 U.S.C. § 2412(d)(1)(A).  "While a

prevailing party is not entitled to attorney's fees under the EAJA as a matter of

course, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988),

fees and costs are to be awarded unless the Court finds that the Commissioner's

position was 'substantially justified' or that 'special circumstances make an award

unjust.'  28 U.S.C. § 2412(d)(1)(A)."  *Sviezikas v. Comm'r of Soc. Sec.*, No. 1:25-

CV-467, 2026 WL 1106915, at *1 (W.D. Mich. Apr. 6, 2026), *report and*

*recommendation adopted*, 2026 WL 1104210 (W.D. Mich. Apr. 23, 2026)

## III.   **Analysis**

As stated above, the Court remanded this matter to the Commissioner for

further administrative action upon stipulation of the parties.  "There is no indication

here that the Commissioner's position was substantially justified, or that special

circumstances weighing against an award are present."   *Sviezikas*, 2026 WL

1106915, at *1.  Thus, fees will be awarded.

> Once the court determines that fees should be awarded, the court should *not* find an award in excess of $125 per hour *unless* the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Tina W. v. Comm'r of Soc. Sec.*, No. 1:25-CV-536, 2026 WL 1282882, at \*1 (W.D. Mich. May 11, 2026) (citation modified and emphasis in original).  Here, Plaintiff's counsel requests an hourly rate of $245 per hour due to increases in the cost-of-living and other courts having awarded similar rates.  In light of recent increases in the cost of living, inflation, and other factors, courts in the Western District of Michigan have recently granted requests for similar hourly rates.  *See Sviezikas*, 2026 WL 1106915, at \*1–\*2 (hourly rate of $244.37); *Reginald V. v. Comm'r of Soc. Sec.*, No. 1:25-cv-62, 2026 WL 705206 (W.D. Mich. Feb. 24, 2026) (same), *report and recommendation adopted*, 2026 WL 703354 (W.D. Mich. Mar. 12, 2026).  The Undersigned has similarly granted a motion requesting an hourly rate of $247.82, relying on the Consumer Price Index and the State Bar of Michigan's Economics of Law Report.  *Taylor S. v. Comm'r of Soc. Sec.*, No. 1:25-CV-10670, 2026 WL 265791, at \*4 (E.D. Mich. Feb. 2, 2026).  Based on these similar awards, the State Bar of Michigan's Economics of Law Report, and the evidence cited by counsel regarding inflation and his experience as an attorney, the Court finds that the requested hourly rate of $245 is justified.

Counsel seeks an award based on 35.4 hours of work.  (ECF No. 13-1, PageID.1115–16).  This seemed high at first glance given that the case was resolved prior to motion practice, however, counsel's accounting shows that he drafted his motion for summary judgment prior to reaching a stipulation with the

Commissioner.   While "[o]ne could certainly quibble about some of the time entries," here "the government has elected not to do so.   Nor does the total time claimed shock [the] conscience.   In the absence of any challenge to the hours listed, [the Court] will therefore accept them as reasonable." *Sakhawati v. Lynch*, 839 F.3d 476, 480 (6th Cir. 2016).   This is particularly true, where as here, the parties appear to have agreed that counsel would request an award for fewer hours than actually worked.[1]   Accordingly, counsel's motion for EAJA fees for 35.4 hours of work at a rate of $245 per hour is granted, but fees will be awarded in the agreed upon and requested amount of $7,750.00.[2]

## IV.   Conclusion

For these reasons, the Court **GRANTS** Plaintiff's counsel's unopposed motion for attorney fees under the EAJA (ECF No. 13) for attorney fees in the amount of $7,750.00 and costs in the amount of $405.00.

**IT IS SO ORDERED.**

---

[1] It is not entirely clear what the parties agreed to, but Plaintiff's counsel states, "Counsel for Plaintiff expended 35.4 hours in representing [Plaintiff] before this Court.  However, the parties conferred and reached an EAJA settlement." (ECF No. 13, PageID.1110).  And later says, "The parties conferred and reached an agreement on EAJA fees in this matter. Consistent with prior guidance from this Court, the parties are not filing a stipulation and instead Plaintiff is filing an unopposed motion including a time sheet with all of the attorney time expended winning this case." (*Id.* at PageID.1111).

[2] $245 multiplied by 35.4 is $8,673.

Date:  May 20, 2026

s/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge